**Eleanor M. BLANCHARD,
Plaintiff–Appellant,**

**v.**

**STONE SAFETY CORPORATION,
Defendant–Appellee.**

**No. 1636, Docket 91–7205.**

United States Court of Appeals,
Second Circuit.

Argued June 4, 1991.

Decided June 7, 1991.

---

Leon M. Rosenblatt, West Hartford, Conn., for plaintiff-appellant.

Susan K. Krell (Wiggin & Dana, Andrew A. Cohen, Hartford, Conn., of counsel), for defendant-appellee.

Before OAKES, Chief Judge, PRATT, and ALTIMARI, Circuit Judges.

PER CURIAM:

Eleanor M. Blanchard appeals from the district court's grant of summary judgment in favor of her former employer, Stone Safety Corp. ("Stone"), on her Age Discrimination in Employment Act ("ADEA") claim. Because we find that genuine issues of material fact indeed exist, we reverse the determination of the district court and remand for further proceedings.

Blanchard worked for Stone, a manufacturer of air conditioning equipment, from June 1942 until her discharge (at age 63) on July 31, 1987. Stone was granted summary judgment based on the district court's conclusion that (1) Blanchard had failed to present sufficient evidence to demonstrate that she had been discharged under circumstances giving rise to an inference of age discrimination, see *Pena v. Brattleboro Retreat*, 702 F.2d 322, 324 (2d Cir.1983), since the bulk of her responsibilities—according to the district court—had been assigned to a 61-year old employee after Blanchard's "position", that of "general accountant", had been eliminated; and (2) even if Blanchard had successfully made out a *prima facie* case of age discrimination, Stone had sufficiently articulated a non-discriminatory reason for her termination—a widespread reduction in force ("RIF") of 83 employees at the Stone facility in Connecticut. The district court further found as a matter of law that Blanchard had not shown this non-discriminatory reason to be pretextual.

■ Applying the familiar *de novo* review of granted summary judgment motions, we conclude that there were genuine issues of material fact on both legs of the district court's decision. There are disputes as to what Blanchard's duties consisted of and to whom those duties were reassigned. Stone, in responses to plaintiff's interrogatories, answered that employees of varying ages—67, 65, 63, 46, 33, and 32 years of age—took over Blanchard's various tasks upon her dismissal. By affidavit evidence, Blanchard countered that her duties were in fact taken over by the 33- and 32-year-old employees. The district judge found that most of her duties were reassigned to yet another employee, not identified by Stone in its interrogatory answer, who was 61 years of age at the time of Blanchard's dismissal. This conflicting evidence on this point creates a genuine dispute as to the material fact of whether the discharge took place in circumstances giving rise to an inference of age discrimination.

■ Similarly, we cannot conclude, as did the district court, that Stone articulated a non-discriminatory reason for Blanchard's termination which could not be shown to be pretextual. While we agree that "[a] widespread staff reduction implemented for economic reasons is a legitimate, non-discriminatory business justification for discharge", we are not similarly convinced that this principle can be so broadly applied in the circumstances of this case. Stone's proffered reason for selecting Blanchard for termination was that she was a poor employee, and was therefore expendable when the RIF became necessary. However, the record shows that Stone had recently been taken over by new owners, that its Connecticut facility was to be closed, and that its operations were to be moved to South Carolina. There is also evidence from which a jury could conclude that the RIF primarily affected not the accounting department, but mostly the blue-collar areas of Stone's facility, that Blanchard was one of the very few white-collar workers dismissed in the course of the claimed RIF, that she was targeted for dismissal by new management from the moment it took over, that her only poor performance evaluations in 46 years began less than two months after Stone had been sold, and that her performance was as good as, if not better than, that of many of the younger white-collar employees who were retained. If

established at trial, this evidence could reasonably convince a jury that Stone's proffered reason for Blanchard's dismissal was pretextual.

Reversed and remanded.