**Charles GRICH, Plaintiff,**

v.

**TEXTRON LYCOMING, Defendant.**

**Civ. No. 5–90–375 (WWE).**

United States District Court,
D. Connecticut.

April 7, 1993.

Thomas E. Mangines, Mangines & Mangines, Fairfield, CT, for plaintiff.

Don A. Banta, Eugene A. Boyle, J. Kevin Hennessy, Banta, Cox & Hennessy, Chicago, IL, Edward M. Sheehy, Williams, Cooney & Sheehy, Bridgeport, CT, for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT (# 25)

EGINTON, Senior District Judge.

Plaintiff, Charles Grich, has filed suit against defendant, Textron Lycoming, claiming violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* He also alleges state law claims of breach of contract and misrepresentation. For the reasons stated below, the

motion will be granted in part and denied in part.

## FACTS

Plaintiff began working for Textron Lycoming in 1953 as an hourly employee. In 1976 he was promoted to a salaried position. In 1979, 1980, 1981, he received additional promotions. In 1982, at age 52, he was promoted to Director of Manufacturing Engineering.

Plaintiff alleges that starting in 1984 and continuing up to the present time, Textron Lycoming began a pattern of discrimination against him based on age. The first incident took place in 1984, when he was reassigned at age 54 to a position two grades lower that his previous position. This was done without advance warning and for no apparent reason. He alleges he was replaced by a much younger employee. Even though his actual salary was not reduced, he claims that the two grade reduction impacted his opportunity to earn more salary and impacted on the amount of accrued retirement benefits, which in part is a function of salary.

The second incident occurred in 1989. Plaintiff claims that he applied for the position of Manager of Development Manufacturing and Assembly Operations, but was later told that interviews for the job had been suspended. However, a few weeks later, the company announced that the position had been filled by another employee, Ken Defusco, whom Grich claims is much younger and much less qualified than he. Grich contends that the appointment of Defusco was outside the published rules of the company's staffing plan, and that Grich should have been given an interview.

A third incident took place after Grich filed age discrimination charges against defendant in January, 1990. Beginning in March, 1990, defendant further reduced his responsibilities, which severely limit his opportunities for advancement. He claims this was done willfully, intentionally, and based upon plaintiff's age, and moreover, was done as retaliation for plaintiff's filing of age discrimination charges against the company.

Another act of alleged age discrimination was the promotion of Robert Dennis instead of plaintiff, to plaintiff's former position of Director of Manufacturing Engineering. Grich claims that the position should have been given to him, not Dennis, because Grich was qualified for the position and because company policy dictates that a person must remain in his or her position for at least one year before that person can apply for another position.

Plaintiff also claims that throughout his period of employment with defendant, company representatives told plaintiff and other employees that advancement and promotions would be based upon ability and service, that Avco family members would be protected, and that there were many benefits of long and continuous service with Textron Lycoming. Grich contends that he relied on these promises and representations.

In Count I, Grich alleges that defendant denied him protections afforded by the ADEA by demoting him and refusing to promote him. He claims that the resulting loss of salary and benefits entitles him to economic and liquidated damages.

In Count II, Grich claims breach of contract. He contends that defendant breached its written and oral contracts, which include publications and announcements and continuous promises to promote employees based on skill, ability and competency. Plaintiff also claims that defendant violated the implied covenant of good faith and fair dealing present in all contracts, including employment contracts, by violating the contract of employment.

In Count III, Grich alleges misrepresentation. He claims that defendant represented he would be promoted and caused plaintiff to rely on the representations, thereby causing harm to the plaintiff. He alleges that he remained an employee of Textron Lycoming for over 35 years to his detriment, in reliance upon defendant's representations and promises.

In response, defendant denies the material allegations of in the complaint, and asserts as affirmative defenses that plaintiff's allegation of discriminatory reassignment in 1984 is

barred (1) by his failure to file a timely charge of discrimination; and (2) by the three-year statute of limitations for alleged willful ADEA violations. Defendant further contends that the two openings of which plaintiff complains were not promotional opportunities, but rather were departmental reorganizations involving routine lateral transfers of employees. Finally, defendant argues that plaintiff cannot establish a contract, verbal or written, to support his state law claims of breach of contract and misrepresentation.

## DISCUSSION

A court may grant summary judgment when there is no genuine issue of material fact, and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any issues of material fact, and once that burden is met, the opposing party must set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining the existence of such facts, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). Finally, summary judgment is ordinarily inappropriate where intent and state of mind are at issue. *Montana v. First Federal Sav. and Loan Ass'n.*, 869 F.2d 100, 103 (2d Cir.1989).

Under the ADEA, the plaintiff has the burden of establishing a *prima facie* case of age discrimination. *Stanojev v. Ebasco Services, Inc.*, 643 F.2d 914, 919–20 (2d Cir. 1981). Failure to establish a *prima facie* case, or to successfully rebut the legitimate, nondiscriminatory reasons proffered by the employer, warrants summary judgment in favor of the employer. *Blanchard v. Stone Safety Corp.*, 1991 WL 23542, 1991 U.S.Dist. LEXIS 1992 (D.Conn.1991) (Eginton, J). The plaintiff bears the burden of disproving an employer's assertion that the adverse employment action was based solely on legitimate neutral consideration." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989).

## A. COUNT I—AGE DISCRIMINATION

1. *Failure to Exhaust Administrative Remedies:*

A prerequisite for filing a federal civil action under the ADEA is the filing of a timely charge of unlawful discrimination with the Equal Employment Opportunity Commission ("EEOC"). Ordinarily, such charge must be filed within 180 days after the alleged unlawful act occurred. 29 U.S.C. § 626(d)(1). However, the filing limitation period is extended to 300 days when, as is the case here in Connecticut, the state within which the alleged act of age discrimination occurred has a law prohibiting age discrimination in employment and authorizes a state agency to enforce that law. 29 U.S.C. § 626(d)(2), 633(b). *See Economu v. Borg–Warner Corp.*, 829 F.2d 311, 315 (2d Cir.1987). Therefore, Grich had 300 days after the occurrence of the alleged discriminatory act within which to file his charge with the EEOC.

Plaintiff claims that defendant discriminated against him based upon age in 1984, 1989, and 1990. He filed original charges of age discrimination with the Connecticut Commission on Human Rights ("CHRO") and EEOC on January 12, 1990, and filed an additional charge of retaliation on March 13, 1990.

Defendant claims that plaintiff failed to file the charge of discrimination with the EEOC within the required 300 days. Grich responds that the 300 day rule does not apply because the discriminatory treatment was continuous. He alleges that defendant initiated a continuing pattern of age discrimination against him beginning in 1984 and continuing to the present.

■ The 300 day requirement is no bar to a claim when a continuing practice of discrimination is being challenged rather than a single, isolated discriminatory act. *Campbell v. A.C. Petersen Farms, Inc.*, 69 F.R.D. 457 (D.Conn.1975). A continuing violation may be established by demonstrating that the incidents of discrimination constitute a series

of related acts and it must be clear that the acts complained of are not completed, distinct occurrences. *Wingfield v. United Technologies Corp.*, 678 F.Supp. 973 (D.Conn. 1988).

In the instant case, plaintiff alleges that defendant discriminated against him by refusing to promote him and by actually downgrading him. Citing *Wingfield*, defendant argues that this conduct does not constitute a continuing violation. In *Wingfield*, plaintiff had been downgraded, demoted or denied a promotion on four separate occasions. The court held that these events did not represent a continuing violation, emphasizing that "[t]here are no *specific facts* to show that the acts are related so as to constitute a plan to remove plaintiff from defendant's work force because of his age."

A plaintiff can demonstrate a continuing violation by showing a "series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period." *Valentino v. United States Postal Service*, 674 F.2d 56, 65 (D.C.Cir.1982).

■ Here, plaintiff alleges that defendant continually and gradually reduced his responsibilities according to a deliberate plan. As evidence, plaintiff points to various events such as replacing him with a younger employee, downgrading him two levels, no longer having employees report to him, and excluding him from meetings.

The court finds that there is a material issue of fact as to whether there has been a continuing violation of the ADEA. Accordingly, summary judgment must be denied.

2. *Statute of limitations—ADEA:*

■ Defendant further contends that even if plaintiff were to establish a continuing violation excusing him from the 300 day rule, plaintiff's claim relating to his reassignment in 1984 to a position which reduced his salary grade level (thereby reducing his earning capacity) is barred by the ADEA statute of limitations. Under 29 U.S.C. § 626(e)(1), which incorporates the provisions of the Portal to Portal Act, 29 U.S.C. § 255(a), suits must be filed within two years after a cause of action accrues, or within three years if the cause of action arises out of a willful violation. Plaintiff again invokes the doctrine of continuing violations.

Summary judgment must be denied because there is a material issues of fact as to whether defendant's actions constitute a continuing violation.

3. *Age Discrimination Claim:*

■ Plaintiff alleges that defendant violated the ADEA by its willful and deliberate actions of discrimination against plaintiff in refusing to promote him and in downgrading him. A *prima facie* case of age discrimination is established if plaintiff demonstrates that: (1) he was within a protected class (over the age of 40 years); (2) that he applied for, and was qualified for, a position for which his employer was seeking applicants; (3) that despite his qualifications, he was rejected; and (4) that after his rejection, the position remained open and thereafter was filled by a younger employee. *Sweeney v. Research Foundation of State University*, 711 F.2d 1179, 1185 (2d Cir.1983) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)).

Once a *prima facie* case has been established, it may be presumed that age was a determinative factor in plaintiff's discharge and the burden falls to the defendant to articulate a legitimate nondiscriminatory reason for its action. *McDonnell Douglas*, 411 U.S. at 802–03, 93 S.Ct. at 1824. If the defendant meets this burden, the plaintiff may then prove that the reasons offered were not the true or only reasons, but rather were a pretext for discrimination. *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.1985), cert. denied, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Here, Grich has established a *prima facie* case of age discrimination. First, at age 60, he is within the protected class. Secondly, he applied for and appears to have been qualified for, at least one position—as Manager of Development Manufacturing and Assembly Operations—for which defendant was

seeking applicants. Next, he was rejected. Finally, after his rejection, the position remained open and was later filled by a younger employee. Grich has satisfied the four requirements for a *prima facie* case of age discrimination.

Defendant now has the burden of articulating a legitimate nondiscriminatory reasons for its action. Defendant claims that its actions were based upon departmental reorganization. The court finds that there is a material issue of fact as to whether this reason is legitimate or whether it is merely a pretext for age discrimination. Therefore, summary judgment must be denied defendant as to Count I.

## B. COUNT II—BREACH OF CONTRACT

■ Plaintiff alleges that defendant breached its written and oral contract with plaintiff. Defendant contends that Grich fails to identify any written or oral contract of employment. Defendant argues that the document Grich relies upon, "Division Practice HR 7.2, Internal Staffing System" ("HR 7.2"), is merely a management guideline and therefore cannot be considered an enforceable contract.[1] Plaintiff argues that HR 7.2 is a promise from Textron Lycoming that it will staff the company from within whenever possible, and that plaintiff was aware of the policy, relied on its commitment, and accepted continued employment based upon that promise.

In *Owens v. American Nat. Red Cross,* 673 F.Supp. 1156 (D.Conn.1987), the court held that a supervisors' manual was held not an enforceable contract because it was distributed only to management and not to all employees. "Inasmuch as the statements in the Supervisors' Manual were never made to the employees, these statements cannot reasonably be construed as a promise to the employees, and therefore cannot give rise to an express or implied contract between the employer and its workers, supervisory or not." *Id.* at 1165.

Here, it is clear that HR 7.2 was intended for supervisors only.

It is irrelevant whether plaintiff was aware of the policy and relied on it. In *Owens,* the plaintiff was also aware of the policies in the supervisors' manual because she herself was a supervisor. But, despite her awareness of the policies, the court maintained that the manual was not binding.

In addition, plaintiff must prove that the alleged employment manual contains mandatory directives enforceable as contractual obligations, and not mere guidelines for employees. *Sivell v. Conwed Corp.,* 666 F.Supp. 23, 27 (D.Conn.1987). Here, the court finds that HR 7.2 does not contain any promise to fill positions from within whenever possible, as plaintiff alleges. Rather, it purpose is "[t]o provide employees with alternative or career development opportunities by informing them of open positions within the Division." *See* HR 7.2. Therefore, plaintiff cannot rely upon HR 7.2 as an enforceable written contract because it is merely a guideline for supervisors.

Moreover, there is no enforceable oral contract between plaintiff and defendant because plaintiff shows no specific oral promises upon which he relied.

■ Plaintiff's claim of breach of implied covenant of good faith and fair dealing based upon the alleged contracts must also fail. "Absent a showing that the discharge involved an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." *Carbone v. Atlantic Richfield Co.,* 204 Conn. 460, 470–71, 528 A.2d 1137 (1987). Plaintiff does not claim any contravention of an important public policy in his complaint. Therefore, summary judgment must be granted in favor of defendant as to Count II.

## C. COUNT III—MISREPRESENTATION

Plaintiff alleges that he was harmed after relying on certain false representations made

---

1. HR 7.2 contains guidelines on defendant's internal staffing system. HR 7.2 provides that openings for certain salaried positions are to be posted in the plant to allow employees to apply

for positions as well as external candidates. HR 7.2 also states that positions filled by departmental reorganization need not be subject to the posting system.

to him by the defendant. Grich claims that defendant told him that the 1984 reassignment was necessary because the company needed his expertise in the new department, a statement which plaintiff says he later discovered to be untrue. He also claims that defendant stated that employees who stay with the company will grow professionally and remain with the company. While the misrepresentations may not have been fraudulent, Grich asserts that they were negligent, thereby supporting this cause of action for misrepresentation. Defendant argues that plaintiff has failed to prove that defendant made promises which created an enforceable contract, thus the misrepresentation claim must fail.

In *J. Frederick Scholes Agency v. Mitchell,* 191 Conn. 353, 464 A.2d 795 (1983), the court did not explicitly recognize an action for negligent representations. However, "where a defendant has special means of knowledge, and a plaintiff can under the circumstances attribute to the former accurate knowledge of what is represented, the plaintiff need not show the actual knowledge of falsity of the representation." *See Richard v. A. Waldman & Sons, Inc.,* 155 Conn. 343, 346–47, 232 A.2d 307 (1967); *Miller v. Appleby,* 183 Conn. 51, 56, 438 A.2d 811 (1981).

■ Therefore, because plaintiff's employer was in a superior position to discovering the truth and because it was reasonable for the plaintiff to rely on his employer's statements, actual knowledge of the falsity is not a prerequisite to recovery. Plaintiff must establish: (1) that a false representation was made as a statement of fact; (2) that it was untrue; (3) that is was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. *J. Frederick Scholes Agency,* 191 Conn. at 358, 464 A.2d 795.

■ Here, there are material issues of fact with regard to these alleged representations. Therefore, summary judgment must be denied as to Count III.

## CONCLUSION

For the reasons stated above, summary judgment is DENIED with respect to the first and third causes of action, and is GRANTED with respect to the second cause of action.