G. George GETSCHMANN, Plaintiff,

v.

JAMES RIVER PAPER CO., INC., Defendant.

Civ. No. 5–92–163 (WWE).

United States District Court, D. Connecticut.

April 13, 1993.

William M. Laviano, Donna L. Ruhling-Laviano, Joseph C. LoCascio, Laviano & Lo-Cascio, P.A., Ridgefield, CT, for plaintiff.

John W. Roberts, Roberts, Gaillard, Kambas, et al, Stamford, CT, W. Carter Younger, Rodney A. Satterwhite, McGuire, Woods, Battle & Boothe, Richmond, VA, for defendant.

### Ruling on Motion for Summary Judgment

EGINTON, Senior District Judge.

Plaintiff alleges that defendant violated the Age Discrimination Act ("ADEA"), 29 U.S.C. § 623(a)(1), by unlawfully discharging him because of his age. Defendant moves for summary judgment (# 31–1), pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, defendant's motion for summary judgment will be granted.

### Facts

In 1962, American Can Company employed plaintiff, G. George Getschmann, as a sales trainee in its Marathon division. In 1982, American Can sold the division to defendant James River Paper Co., Inc. ("James River"). Subsequently, James River hired plaintiff.

Between 1981 and 1987, plaintiff was a packaging specialist for defendant. In January 1988, James River promoted plaintiff to account executive, a position he held until his termination. As an account executive, plaintiff's responsibility was to generate new business by soliciting competitive accounts and better penetrate existing accounts. In order to accomplish this, plaintiff was expected to spend less time in the office and more time in the field with potential and existing clients. James River required this of all its account executives as part of its "continuous improvement" program, which was instituted in order to meet the demands of an increasingly competitive marketplace.

Charles O'Hara, age 59, was plaintiff's supervisor at James River from 1981–1988. In April, 1988, O'Hara reviewed plaintiff's performance as an account executive. In a detailed written review, O'Hara cautioned plaintiff that his performance needed improvement and provided plaintiff with specific suggestions as to how he could improve his work.

On September 20, 1990, O'Hara again reviewed plaintiff's performance. He informed plaintiff that his performance was unsatisfactory because of his failure to generate new business and penetrate existing accounts. In an October 5, 1990 letter, O'Hara placed plaintiff on probation. The letter said plaintiff would be terminated unless his performance did not improve within six months. O'Hara notified plaintiff that his performance rating decreased from "meets requirements" to "does not meet requirements".

O'Hara and plaintiff met several times to discuss methods in which plaintiff could improve his performance. Plaintiff was to bring in at least $850,000 new business, make more quality calls to existing accounts and spend less time in the office. O'Hara and plaintiff discussed plaintiff's progress many times during the probation period. Plaintiff was still not meeting the requirements of an account executive. On May 3, 1991, James River extended plaintiff's probation by 60 days. On July 1, 1991, O'Hara terminated plaintiff's employment with James River after an eight month probation period.

On September 4, 1991 plaintiff filed an age discrimination complaint against defendant with the Connecticut Human Rights and Opportunities Division and simultaneously with the Equal Opportunity Commission. Plaintiff is seeking damages consisting of salary and other compensation including insurance benefits, pension, and vacation time.

## DISCUSSION

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). In ADEA cases, the nonmoving party bears the ultimate burden of proving at trial that the defendant discriminated, and may defeat summary judgment by producing facts sufficiently specific to establish that there is a genuine issue of material fact for trial. *Montana v. First Federal Sav. & Loan Assoc.,* 869 F.2d 100, 103 (2d Cir.1989).

Actions brought under ADEA must be analyzed under the shifting burdens requirements set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In such claims, the plaintiff must first establish a prima facie case of discrimination. Then, the burden shifts to the defendant to articulate a legitimate, non-discriminatory business reason for terminating plaintiff. Having established that, the plaintiff then must show that defendant's proffered reason is nothing but a pretext for discrimination.

In order to defeat a motion for summary judgment, plaintiff bears the initial burden of establishing a prima facie case of age discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). The plaintiff must present sufficient evidence establishing that (1) he was within the statutorily protected age group of forty to seventy years of age; (2) he was qualified for his job; (3) he was discharged; and (4) he was replaced by a younger person. *Haskell v. Kaman Corp.,* 743 F.2d 113, 119 n. 1 (2d Cir.1984). In ADEA actions, the prima facie requirements are not strictly applied. The burden of proof is *de minimis. Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988). The fourth requirement of replacement does not necessarily need to be met. *See Pena v. Brattleboro Retreat,* 702 F.2d 322, 324 (2d Cir.1983).

In this action, plaintiff has established a prima facie case. Getschmann was 52 at the time of his discharge. He was a long-standing employee of James River for over 30 years and had been promoted several times. Although no one replaced him, plaintiff has established facts sufficient to draw an inference of age discrimination. The burden now shifts to the defendant to articulate a legitimate, non-discriminatory business reason for discharging the plaintiff. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093.

Defendant has rebutted the inference of age discrimination by proving that Mr. Getschmann's performance was unsatisfactory. Defendant supports this with a variety of documents, including memoranda of review sessions between Getschmann and O'Hara. These documents attest to plaintiff's decline in performance and inability to meet account executive objectives. Moreover, it is clear that James River afforded plaintiff numerous opportunities to improve his performance. Only after it was evident that plaintiff's performance was not going to improve did defendant discharge him.

As discussed, defendant has successfully articulated a legitimate business reason for its actions, thus plaintiff has the burden of proving that this reason was actually a

pretext to age discrimination. *Pena v. Brattleboro Retreat,* 702 F.2d 322, 324 (2d Cir. 1983). Plaintiff has not met this burden. Plaintiff may prove pretextual discrimination in one of two ways: (1) directly, with evidence that a discriminatory motive was underlying the decision; or (2) indirectly, by showing that defendant's articulated reason is not to be believed. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095; *Dister,* 859 F.2d at 1113. Plaintiff need not show that age was the only reason he was discharged, but only that age was a deciding factor in the decision to terminate him. *Levin v. Analysis & Technology, Inc.,* 960 F.2d 314, 317 (2d Cir.1992).

 In support of his age discrimination claim, plaintiff asserts that he was discharged because of his age, knowledge and salary level. Plaintiff offers two alleged statements to support his claim of discrimination. Plaintiff alleges that his supervisor commented to him that "it sometimes is difficult to teach an old dog new tricks." He also claims that O'Hara said that plaintiff was "set in his ways."

These alleged comments alone cannot satisfy the burden of proving pretextual discrimination. Since defendant's evidence of a legitimate business reason is so overwhelming, these remarks are "too slender a reed to carry the weight of the charge in this case against the evidence which refutes it." *Graham v. Renbrook School,* 692 F.Supp. 102, 108 (D.Conn.1988) (quoting *Vaughan v. Buroughs Corp.,* 17 F.E.P. cas. (BNA) 865, 868 (E.D.Mich.1978)).

In his complaint, plaintiff further alleges that O'Hara described a particular division of the company as being a "mature work force", and that a general manager stated that "younger more aggressive employees are needed." As to the first statement, there is no evidence that O'Hara was referring to plaintiff. The second remark was not made by plaintiff's supervisor. Moreover, plaintiff does not allege that it was made by an individual who was involved in plaintiff's termination. Therefore, these remarks are legally inadequate to prove discrimination. Cf. *Thermidor v. Beth Israel Medical Center,* 683 F.Supp. 403, 413 (S.D.N.Y.1988) (holding isolated statements alone are insufficient to

establish a finding of pretext); *see Graham,* 692 F.Supp. at 109. Since plaintiff has not presented direct evidence of discrimination, he must offer indirect evidence to show that defendant's business reasons are not credible.

Plaintiff has failed to meet this burden. Plaintiff alleges that the objectives and goals set for him during his probation period were unrealistic and just part of a scheme to remove him because of his age. Yet, plaintiff has not offered any evidence to support such allegations. Mere conclusory allegations are not sufficient to defeat a motion for summary judgment. *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir.1983). There is no indication that other account executives did not have similar goals. Moreover, plaintiff does not proffer any evidence that such goals are out of the ordinary for a person in his position.

## CONCLUSION

There are no genuine issues of material fact. Plaintiff has failed to show that defendant's actions were discriminatory. Accordingly, the defendant's motion for summary judgment (# 31–1) is GRANTED.