Richárd F. **FELKER**

v.

**PEPSI–COLA COMPANY
and PepsiCo, Inc.**

Civ. No. 5–89–491 (WWE).

United States District Court,
D. Connecticut.

June 29, 1994.

---

**3.** As noted, the Appellate Court invoked the harmless error doctrine and affirmed the judg-

ment of conviction.

Richard E. Lieberman, Ross & Hardies, Chicago, IL, Todd Howard Lampert, Kevin C. Beuttenmuller, Karen Kolesar Linder, Rucci, Gleason, Craft & Burnham, Darien, CT, for Richard F. Felker, Suzanne Faye Felker.

Stephen B. Harris, Wiggin & Dana, Hartford, CT, Robert Zielinski, Kari Sperstad, Ross & Hardies, Chicago, IL, for Pepsi–Cola Co., Pepsico, Inc.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Richard F. Felker, filed suit against defendants, Pepsi–Cola Company and PepsiCo, Inc., alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and various state law claims. Thereafter he filed three amended complaints not material to the instant motion.

On November 17, 1992, plaintiff filed a fourth amended complaint, containing three counts. Count One reiterates a claim of discrimination under the ADEA. Count Two for the first time alleges a claim of retaliation. Count Three sets forth a state law claim of misrepresentation.

Defendants have moved pursuant to Fed. R.Civ.P. 56 for summary judgment on the fourth amended complaint. Plaintiff, opposing the motion, has requested leave of court to withdraw Count Three. The court will grant plaintiff's request to withdraw the misrepresentation claim. Accordingly, pending is defendants' motion for summary judgment on Counts One and Two of the fourth amended complaint. For the following reasons, defendants' motion will be granted in part and denied in part.

### BACKGROUND

Plaintiff was hired by Pepsi–Cola in March, 1975, as Regional Grocery Manager. During the next ten years, plaintiff received favorable job performance evaluations and was promoted to Regional Sales Manager and Marketing Director, respectively. In 1986, he was promoted to Vice–President of Marketing Operations which included overseeing 50–80 employees within the department and the disbursement of Market Development funds including the Marketing Operations Administrative account.

According to defendants, in February, 1987, the Marketing Operations Department was eliminated. Plaintiff was given the option of leaving the company or transferring to a Pepsi business venture called Office Mart. Office Mart was an independently owned company which had an exclusive agreement to sell defendants' products in the Boston and Dallas areas in return for sales, marketing, business development and financial assistance from defendants. Plaintiff's transfer to Office Mart was part of that marketing and business development. Plaintiff accepted the general manager position at Office Mart and continued to be paid the same salary and benefits by Pepsi–Cola as in his previous position as Vice–President of Marketing Operations.

In September, 1987, plaintiff was terminated from this position by Pepsi–Cola. Defendants claim that plaintiff's termination was due to his exercise of bad business judgment by misappropriating approximately $300,000 from Pepsi–Cola's Marketing Operations Administrative account, which funds plaintiff no longer had authority to spend. Defendants claim that the monies plaintiff spent went to pay for goods and services benefitting Office Mart, a company which plaintiff planned to become president of once it became independently owned. Defendants claim that plaintiff's pecuniary interest in Office Mart affected his business judgment. A recent prospectus prepared by the owners of Office Mart, Lee Capital Corporation, to be presented to outside investors, stated that plaintiff was going to become the next president of the company.

In February, 1988, plaintiff went to work for Multi–Mix, Inc., a company involved in the soft drink business. Plaintiff's duties included soliciting business from large soft drink companies including Pepsi–Cola and Coca–Cola. Plaintiff claims that his value to Multi–Mix was enhanced by his prior business relations with Pepsi–Cola.

On March 20, 1988, plaintiff filed a written charge of age discrimination against defendants with the New York State Department of Human Rights ("NYSDHR"). On May 8, 1988, plaintiff filed a written charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). In September, 1988, plaintiff's attorney, Kevin Fusco, received a letter from William Simoson, defendants' in-house counsel, stating that plaintiff's solicitation of Pepsi–Cola employees was inappropriate because of the dis-

crimination charges filed by plaintiff, and requested that plaintiff "refrain from having any business contacts with Pepsi–Cola employees until the issues between Mr. Felker and Pepsi–Cola have been resolved." Plaintiff advised David Woods, Chief Executive Officer of Multi–Mix, of the letter, and Woods assumed plaintiff's dealings with defendants.

Plaintiff alleges that defendants denied him the protections afforded by the ADEA by transferring him to the Office Mart position and subsequently terminating him from this position. Plaintiff also claims that the letter from William Simoson requesting plaintiff to discontinue soliciting business from Pepsi–Cola employees on behalf of Multi–Mix, was an act of retaliation against plaintiff for filing age discrimination charges against defendants. Plaintiff claims that defendants have engaged in a continuing course of retaliatory conduct because defendants have never retracted the request in the Simoson letter. He alleges that his inability to take advantage of his prior business relations with Pepsi–Cola caused Multi–Mix to terminate its relationship with plaintiff and prevented plaintiff from securing subsequent employment in the beverage industry.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp. Ltd.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.) *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Summary judgment is usually inappropriate when state of mind and intent are at issue. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

### Count One—Age Discrimination

The three step analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973) applies to cases brought under the ADEA. *Montana v. First Federal Sav. & Loan,* 869 F.2d 100, 103 (2d Cir.1989). To establish a prima facie case, plaintiff must satisfy his burden of production by showing that he was (1) within the protected age group (40 to 70 years of age); (2) qualified for the job; (3) discharged from the job; and (4) discharged under circumstances giving rise to an inference of age discrimination. *Levin v. Analysis & Technology, Inc.,* 960 F.2d 314, 316 (2d Cir.1992). The level of proof at this stage is *de minimus. Dister v. The Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988). If this burden is met, defendant must articulate a legitimate, nondiscriminatory reason for the termination. Provided the defendant demonstrates such, the burden then shifts back to plaintiff to show that the proffered reason was not true, and in fact was a pretext for discrimination. *St. Mary's Honor Center v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).

In this case, there is no dispute as to the first two elements: plaintiff was age 46 when he was terminated by defendants from the position of General Manager at Office Mart. Plaintiff has also set forth sufficient evidence to show that plaintiff was qualified for this position due to his fourteen years of employment by defendants during which he received favorable job performance evaluations.

The next issue is whether plaintiff has set forth sufficient evidence to support an inference of age discrimination. The transfer of a person's duties and responsibilities to someone outside the protected age group creates an inference of age discrimination. *Haskell v. Kaman,* 743 F.2d 113, 119 n.

1 (2d Cir.1984). In May, 1987, many of plaintiff's job responsibilities as Vice–President of Marketing Operations were transferred to a newly hired employee, David House. Plaintiff submits the deposition of Gregg Lee, Pepsi–Cola's Personnel Director, which states that House was thirty-seven or thirty-eight years old when he was hired by Pepsi–Cola. The employees who previously reported to plaintiff, including plaintiff's secretary, now reported to House. Plaintiff has set forth circumstances which could raise a permissible inference of age discrimination.

■ Since plaintiff has met his burden of setting forth a prima facie case, the defendant must articulate a legitimate, non-discriminatory reason for the discharge. As set forth in detail above, defendants claim that plaintiff's termination was based upon his exercise of poor business judgment and conflict of interest with Office Mart. The court concludes that defendants have sufficiently rebutted the inference of age discrimination presented by plaintiff.

The burden now shifts back to plaintiff to demonstrate that defendants' articulated reasons are false and that discrimination was the real reason for the discharge. Plaintiff can meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

■ Plaintiff has set forth sufficient evidence to create a genuine factual dispute. First, prior to plaintiff's transfer to Office Mart, the Administrative account had been allocated to certain Office Mart expenses. After his transfer, plaintiff was still responsible for monitoring this account. Second, plaintiff demonstrates that Requests for Payment of expenditures for Office Mart were made by a Pepsi–Cola employee, one Barre Lee, who was responsible for developing and testing marketing programs to expand compact vending placements. Mr. Lee's requests for payments were in accordance with defendants' established procedure. Third, plaintiff's salary and benefits while at Office Mart were paid by defendants. Fourth, plaintiff points to an article in Business Week in which Roger King, PepsiCo's Senior Vice–President of Personnel, is quoted as saying that defendants do not want any "unpromotable fifty year olds around." Although, Mr. King was not directly responsible for plaintiff's termination, King supervised personnel policy. *Buscemi v. PepsiCo, Inc.*, 736 F.Supp. 1267 (S.D.N.Y.1990). Plaintiff's evidence is sufficient to defeat a summary judgment motion.

■ Defendants claim that their elimination of plaintiff's Vice–President position and plaintiff's transfer to Office Mart are time-barred acts because they occurred before June 11, 1987, the date 300 days prior to the filing of the NYSDHR charge. To bring a claim of age discrimination under the ADEA, a plaintiff must file a charge with the EEOC within 180 days of the alleged unlawful discharge or 300 days where plaintiff files a charge with a state equal employment agency. 29 U.S.C. § 626(d). The 300 day filing requirement does not bar a claim when a continuous practice of discrimination is alleged and not a single, isolated act. *Campbell v. A.C. Petersen Farms, Inc.*, 69 F.R.D. 457 (D.Conn.1975). A continuing violation is established by showing "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the limitations period." *Valentino v. United States Postal Service*, 674 F.2d 56, 65 (D.C.Cir.1982).

■ Plaintiff claims that defendants' two related acts were part of a plan to lead to plaintiff's termination due to his age. An allegation of acts that can reasonably be viewed as part of the same plan to discriminate sets forth a continuing violation. *Flynn v. Goldman, Sachs & Co.*, 1993 WL 336957 (S.D.N.Y.1993). *See Grich v. Textron Lycoming*, 822 F.Supp. 66 (D.Conn.1993). The court finds that plaintiff has provided sufficient evidence to establish a genuine issue of fact as to whether defendants' elimination of plaintiff's position and transfer to Office Mart were a continuing violation of the

ADEA. Accordingly, summary judgment will be denied as to this count.

## Count II—Retaliation

 As noted above, plaintiff's fourth amended complaint filed November, 1992, for the first time raised a claim of retaliation. Plaintiff's claim is based on the September, 1988, letter from William Simoson to plaintiff's attorney requesting plaintiff, as an employee of Multi–Mix, to refrain from soliciting business from Pepsi–Cola employees until his age discrimination claim has been resolved. Defendants argue that this claim is time-barred by the three year statute of limitations. Under 29 U.S.C. § 626(e)(1), suits under the ADEA must be filed within two years after the cause of action accrues or within three years if the violation is willful. Plaintiff states that the claim is not time-barred because pursuant to Fed.R.Civ.P. 15(c)(2), it relates back to the original complaint.

 Fed.R.Civ.P. 15(c)(2) provides that amendments relate back to the date of the original pleading "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." When deciding whether a pleading relates back, the court must determine whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleadings. *Jensen v. Times Mirror Co.*, 634 F.Supp. 304, 315 (D.Conn.1986).

In this case, plaintiff's first complaint alleges age discrimination arising out of the transfer and subsequent termination of plaintiff from Office Mart. The retaliation claim sets forth facts relating to the letter from Mr. Simoson regarding plaintiff's solicitation of Pepsi–Cola employees while an employee of Multi–Mix. This letter constitutes a separate occurrence from the facts relating to plaintiff's transfer and discharge. Defendants could not have been put on notice from plaintiff's complaint regarding the retaliation claim. The court finds plaintiff's retaliation claim to be time-barred because it was brought outside the applicable three year statute of limitations and the claim does not relate back to transaction or occurrence set forth in plaintiff's original claim of age discrimination. Accordingly, summary judgment will be granted as to this count.

## Count Three—Misrepresentation

As noted above, plaintiff has requested leave of court to withdraw his claim of misrepresentation. Plaintiff's request will be granted.

### *CONCLUSION*

For the reasons set forth above, defendants' motion for summary judgment is DENIED as to Count One and GRANTED as to Count Two. Plaintiff's request for leave to withdraw Count Three is GRANTED.