**Sheila DUNCAN, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY and Manhattan and Bronx Surface Transit Operating Authority, Defendants–Appellees.**

**Docket No. 01–7198.**

United States Court of Appeals, Second Circuit.

Aug. 26, 2002.

**15**

Joel Field, White Plains, NY, for Appellant.

Dorothea W. Regal, Hoguet Newman & Regal, LLP, New York, NY, for Appellees.

Present WINTER, F.I. PARKER and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Sheila Duncan ("Duncan") appeals from the district court's judgment granting summary judgment in favor of defendants-appellees New York City Transit Authority ("NYCTA") and Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"). Duncan had brought suit against her former employers, who had terminated her employment after twenty-four years pursuant to a division-wide reduction in force ("RIF"), for alleged discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., and the New York State Human Rights Law ("HRL"), New York State Executive Law §§ 290 et seq., and on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the HRL. Duncan appeals the district court's judgment only as to her age discrimination claims. We review the district court's grant of summary judgment de novo. *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998).

Duncan argues that the district court erred in granting summary judgment in favor of NYCTA and MaBSTOA because she set forth sufficient evidence from which a jury could have rationally concluded that her termination was motivated, at least in part, by age discrimination. We disagree.

A plaintiff who was discharged pursuant to a RIF must prove the following to establish a prima facie case of disparate treatment: (1) she belongs to a protected class, (2) she was performing satisfactorily,

(3) she was discharged, and (4) the decision to discharge occurred under circumstances giving rise to an inference of discrimination based on her membership in the protected class. *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). Once a plaintiff makes a prima facie case, the employer must articulate a legitimate, non-discriminatory reason for the termination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Smith v. Xerox Corp.*, 196 F.3d 358, 365 (2d Cir. 1999). If the employer does so, then the presumptions established by the prima facie case fall away, and the plaintiff "must demonstrate by a preponderance of the evidence that the stated reasons are merely a pretext for discrimination." *Levin v. Analysis & Tech., Inc.*, 960 F.2d 314, 317 (2d Cir.1992). "In meeting this ultimate burden, an ADEA plaintiff need not show that age was the only factor in the employer's discharge decision, but [only] that age was a determinative factor." *Id.*

We assume arguendo that Duncan set forth a prima facie case. In response, the defendants-appellees proffered a legitimate, non-discriminatory reason for the termination: a division-wide RIF. An RIF may be a legitimate, non-discriminatory reason for termination. *Parcinski v. Outlet Co.*, 673 F.2d 34, 36–37 (2d Cir.1982) ("The [ADEA] does not forbid essential corporate belt-tightening having no discriminatory motivation.... The [ADEA] does not authorize the courts to judge the wisdom of a corporation's business decisions."). *But see Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 81 (2d Cir.1983) ("[E]ven during a legitimate reorganization or workforce reduction, an employer may not dismiss employees for unlawful discriminatory reasons."). Thus, the burden shifted back to Duncan to prove that the RIF was pretext and, in fact, she was terminated because of her age.

■ To rebut the proffered, nondiscriminatory reason for her termination, Duncan argued that there are three good reasons why a jury could conclude that the RIF rating was pretext. First, Duncan relied on the failure rates of age-protected employees as evidence that the rating system used by defendants-appellees to determine which employees would be terminated was applied prejudicially against age-protected procurement specialists like herself. Yet the number of failing employees was in this case, as it is usually, too small to produce statistically reliable results. *EEOC v. Joint Apprenticeship Comm.*, 164 F.3d 89, 97 (2d Cir.1998). More telling is the ratio of passing age-protected employees to passing non-age-protected employees, which was 97%. Duncan's statistics do not support an inference of age discrimination.

Duncan also takes issues with the points she received in the RIF ranking. The fact that Duncan's RIF ranking matches closely with her previous performance evaluations undercuts Duncan's argument that her RIF ranking was discriminatory.

Next, Duncan argues that the transfer and hiring of non-age protected procurement specialists prior to and after the RIF indicates that her termination was discriminatory. As for those brought into Materiel prior to the RIF, Duncan has offered no evidence that those responsible for hiring or transferring the non-age-protected procurement specialists knew, at the time they decided to bring in the new procurement specialists, whether the RIF would be implemented later that year and, if so, how many positions would be eliminated as a result. As for the procurement specialist who began work shortly after Duncan received notice of her termination, the record indicates that new employee was specifically brought in for special outsourcing

skills which Duncan did not possess. These transfer and hiring decisions do not support an inference of age discrimination.

■ Lastly, Duncan argues that defendants-appellees' failure to consider or rehire her in 1997 or 1998 indicates that her termination was discriminatory. We assume, for the sake of argument, that Duncan did apply for the openings in 1997 and 1998. An inference of discrimination might have been raised had defendants-appellees failed to rehire Duncan shortly after terminating her. *See Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1226–27 (2d Cir.1994) (denying employer's motion for summary judgment where, among other factors, employer failed to rehire plaintiff within nine months of her RIF termination). The positions for which Duncan complains she was not rehired opened a minimum of eighteen months after she was terminated and six months after her post-termination priority consideration eligibility period expired pursuant to the defendants-appellees' policy. We agree with the district court that this long temporal gap between Duncan's termination and the defendants-appellees' decision not to rehire Duncan does not support an inference of age discrimination.

For the reasons set forth above, the judgment of the district court is AFFIRMED.