116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Erika P. ALEXANDRE, Plaintiff-Appellant,
v.
Corbett PHIBBS; Janet Phibbs; Janet Miller; Parenting
Plus, Paul Kaspar; Ventura County, Defendants-Appellees.
 No. 96-55434.
 United States Court of Appeals, Ninth Circuit.
 June 19, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, Ronald S.W. Lew, District Judge, Presiding.
 
 
 2
 Before SCHROEDER, BRUNETTI, and O'SCANNLAIN, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 After consideration of the briefs and record submitted on appeal, we affirm the district court's summary judgment in favor of defendants on all claims.
 
 I. 42 U.S.C. § 1983
 
 5
 Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. 42 U.S.C. § 1983. Alexandre argues that the private defendants acted "under color of state law" because they conspired with the deputy sheriff, and were thus "state actors" for purposes of § 1983. However, even if the private defendants can be considered state actors, her § 1983 claim fails because she has failed to show that they violated her federal rights.
 
 A. Due Process
 
 6
 Alexandre first argues that the state deprived her of property without due process of law. She argues that Officer Kaspar threatened her with arrest to force her to pay $2,660 to Corbett Phibbs and Sandra Miller, thus depriving her of $2,660 without prior notice and hearing.
 
 
 7
 "Ordinarily, due process of law requires an opportunity 'for some kind of hearing' prior to the deprivation of significant property interests." Armendariz v. Penman, 31 F.3d 860, 865 (9th Cir.1994), vacated on other grounds, 75 F.3d 1311 (9th Cir.1996) (en banc) (quoting Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). An exception to this rule exists, however, "where the loss is the result of 'a random and unauthorized act by a state employee,' and there is no showing that post-deprivation procedures for obtaining compensation are inadequate or 'that it was practicable for the State to provide a pre-deprivation hearing.' " Id. at 866 (citing Parratt v. Taylor, 451 U.S. 527, 541, 543 (1981)). "It is irrelevant whether the state employee's actions were intentional or reckless. The important question is whether the state is in a position to provide for pre-deprivation process." Id. (internal citations omitted). Thus, even if Officer Kaspar intentionally plotted to take $2,660 away from Alexandre by having her give the money to Phibbs, Alexandre cannot assert a § 1983 claim if it was not practical for the state to provide pre-deprivation process.
 
 
 8
 In this case, the state could not have provided pre-deprivation process. The deprivation in this case did not occur because of any official state policy. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982). Rather, the deprivation occurred because of the manner in which Officer Kaspar chose, on his own, to handle the dispute. Both the dispute and the manner in which Officer Kaspar chose to deal with it were unforeseeable to the state, thus there was no practical way for the state to afford any predeprivation process. See Raditch v. United States, 929 F.2d 478, 480-82 (9th Cir.1991).
 
 B. Extortion
 
 9
 The second federally protected right Alexandre asserts to support her § 1983 claim is the federal criminal law prohibiting extortion. See 18 U.S.C. § 1951. However, Alexandre cites to no law suggesting she may predicate a § 1983 claim upon the violation of a federal criminal statute. Generally, in order to seek redress under § 1983, there must be a private right of action to enforce the underlying federal statute. See Keaukaha-Panaewa Comm. v. Hawaiian Homes, 739 F.2d 1467, 1470-71 (9th Cir.1984); see also Blessing v. Freestone, 117 S.Ct. 1353, 1359-60 (1997). The federal extortion statute does not provide a private right of action. See 18 U.S.C. § 1951; cf. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994) (dismissing claims brought under federal criminal statute because it did not provide private cause of action). Thus, Alexandre cannot raise a § 1983 based on the federal criminal extortion statute.
 
 II. Conspiracy to Extort/Extortion
 
 10
 As with her § 1983 claim, plaintiff cites to no California authority for the proposition that private individuals may enforce California criminal laws in civil suits.
 
 III. Emotional Distress Claims
 
 11
 Alexandre may succeed on her emotional distress claim only if she can show that defendants' conduct was "outrageous or has gone beyond all reasonable bounds of decency." Fuentes V. Perez, 66 Cal.App.3d 163, 170 (1977). Alexandre cites three cases in support of her emotional distress claims. Each of the cases cited involve employers using racial slurs against employees. In Robinson v. Hewlett-Packard Corp., the court summarized the rule gleaned from the earlier two cases cited by Alexandre: "Taken together these two cases suggest that an employer's use of racial slurs, against an employee who is susceptible to such slurs, may constitute 'outrageous' conduct." 183 Cal.App.3d 1108, 1129-30 (1986). These cases are of no assistance to Alexandre, however, because the employers' conduct in Robinson, Alcorn, and Agarwal were much more "outrageous" than the conduct by defendants in this case. Further, the Ninth Circuit has not read this line of cases expansively. See King v. AC & R Advertising, 65 F.3d 764, 770 (9th Cir.1995).
 
 
 12
 In this case, Corbett Phibbs took reasonable steps to determine who was responsible for the depleted client accounts. His investigation led him to suspect Alexandre. Moreover, although he did not know it when he first accused Alexandre, she did admit to having previously stolen $20 from Phibbs. Thus, in this case, the employers' accusations were based on reasonable investigation, unlike in Robinson, Alcorn, and Agarwal, where the employers insulted and humiliated their employees because of their race.
 
 IV. Wrongful Termination
 
 13
 In California, "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal. Labor Code § 2922. Alexandre submitted no evidence showing that her employment was for a specified term. See Celotex Corp. v. Catrett, 477 U.S. 242, 322-23 (1986) (explaining that where plaintiff has burden of proof at trial, defendants may move for summary judgment by pointing to the absence of facts to support plaintiff's claim). Accordingly, under California law, her employment was at will, and the district court did not err in granting summary judgment against Alexandre on her wrongful termination claim.
 
 V. False Imprisonment & Failure to Train
 
 14
 Alexandre argues in her reply brief that the district court erred by entering summary judgment against her on her false imprisonment claim and her failure to train claim against the county. However, because these issues were not raised in her opening brief, they are waived. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992).
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3