**Frances E. KING, Dianne K. King, Plaintiffs,**

**James G. King, Plaintiff–Appellant,**

v.

**WASHINGTON ADVENTIST HOSPITAL and Westfield Enterprises, Inc., Defendants–Appellees.**

No. 00–7320.

United States Court of Appeals, Second Circuit.

Jan. 23, 2001.

James G. King, Richmond Hills, NY, pro se.

Peter L. Altieri, Epstein Becker & Green, P.C., New York, NY; Timothy J. Burch, Washington, DC, on the brief, for appellee Washington Adventist Hospital.

Brendan T. Fitzpatrick, Ahmuty, Demers, & McManus, Albertson, NY, for appellee Westfield Enterprises, Inc.

Present GRAAFEILAND, WINTER and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

James King ("appellant" or "King") appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) dismissing his complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over defendants Washington Adventist Hospital ("WAH" or "the Hospital"), a Maryland corporation, and Westfield Enterprises, Inc. ("Westfield"), a Delaware limited partnership. King, who appears before us, as he did before the district court, *pro se,* contends that Judge Amon's conclusion that New York law would not permit an exercise of personal jurisdiction over these defendants was erroneous.

We affirm.

## BACKGROUND

In March 1999, James King filed this action under 42 U.S.C. § 1983 against WAH and Westfield on behalf of himself, his wife Frances King, and his daughter Dianne Franklin. King's complaint relates to events that took place at the Montgomery Mall ("the Mall") in Bethesda, Maryland in February 1999.[1] Defendant Westfield owns the Mall.

After receiving the complaint, the court ordered that a status conference be held. The parties appeared at this conference, during which Magistrate Judge Caden recommended that defendants move to dis-

---

1. It appears from the complaint that Franklin was arrested by police outside the Mall and was subsequently taken to the Hospital, where she was involuntarily confined.

miss for failure to state a cause of action and lack of personal jurisdiction.[2] Magistrate Judge Caden discussed the rules governing personal jurisdiction with King and explained the limits on the court's ability to entertain claims.

Westfield and WAH subsequently filed separate motions under FRCP 12(b) to dismiss for lack of personal jurisdiction and failure to state a claim.[3] In support of its motion, Westfield submitted an affidavit stating that it was a Delaware limited partnership and that it did not conduct, transact, or advertise business in the state of New York. The Hospital submitted an affidavit indicating that it was a Maryland corporation not licensed to do business in New York, and that it was not served with process in New York. The affidavit also stated that the Hospital did not transact any business in New York, conduct litigation in New York, solicit or engage in business in New York, or have any real property or bank accounts in New York.

In deciding defendants' motions to dismiss, the district court explained that because § 1983 does not establish a grant of nationwide jurisdiction, federal courts hearing such claims must apply the rules of personal jurisdiction that govern the state in which the court sits. Judge Amon then noted that plaintiff had not presented any facts sufficient to sustain an exercise of personal jurisdiction under the relevant New York law. *See* Civil Practice Law Rules ("CPLR") §§ 301, 302. The district court found that "Mr. King has alleged absolutely no basis upon which this court may acquire personal jurisdiction over the defendants and ... all available facts confirm that such jurisdiction is lacking." As a result, the court granted defendants' Rule

12(b)(2) motions and dismissed plaintiff's complaint.

This appeal followed.

### DISCUSSION

We review *de novo* a district court's dismissal for want of personal jurisdiction. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994). We have considered all of appellant's arguments and find them to be without merit. The judgment of the District Court is AFFIRMED for substantially the reasons it gave.

---

2. Counsel for both defendants submitted affidavits indicating that their presence at the conference should not be construed as submission to the jurisdiction of the court.

3. WAH also sought dismissal, under FRCP 12(b)(3), on the ground of improper venue.