**Eli Mason ROBERTS, Plaintiff–Appellant,**

**v.**

**INTERNAL REVENUE SERVICE, Lynne Walsh, Field Director, Compliance Services, Brookhaven, Diane Herndon, Department Manager, Aur Department 2, Mary Hannah, Tax Agent, National Financial Services, Defendants–Appellees.**

**No. 07–1376–cv.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Eli Mason Roberts, Pro Se, New York, N.Y., for Appellant.

Robert William Yalen, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, David S. Jones, Assistant United States Attorney, of counsel), New York, N.Y., for Appellees Internal Revenue Service, Lynne Walsh, Diane Herndon, and Mary Hannah.

Michael G. Shannon (Rebecca Tapie, on the brief), Thelen Reid Brown Raysman & Steiner LLP, New York, N.Y., for Appellee National Financial Services LLC.

Present WILFRED FEINBERG, RALPH K. WINTER, and ROSEMARY S. POOLER Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Eli Mason Roberts, pro se, appeals the December 8, 2006 decision of the District Court dismissing his action seeking damages for allegedly improper conduct in the assessment and collection of his 2002 income taxes. Roberts brought claims against defendants Internal Revenue Service and its present and former employees Mary Hannah, Diane Herndon, and Lynne Walsh (collectively, the "IRS Defendants"), and National Financial Services ("NFS"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) de novo, *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir.2008), a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir.2005), and a dismissal pursuant to Federal Rule of Civil Procedure 8(a) for abuse of discretion,

*Boykin v. KeyCorp,* 521 F.3d 202, 212 (2d Cir.2008).

For substantially the reasons set forth by the District Court, we conclude that the IRS Defendants, acting in their official capacities, are immune from suit under the doctrine of sovereign immunity. *See Adeleke v. United States,* 355 F.3d 144, 150 (2d Cir.2004); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994). To the extent the complaint can be construed to assert damages claims against any defendants in their individual capacities, the District Court correctly determined that no remedy lies for the violations alleged here. *See Hudson Valley Black Press v. IRS,* 409 F.3d 106, 113 (2d Cir.2005).

The District Court committed no error in granting NFS's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2) and (3) because Roberts failed "to allege, even in the most general terms, any cause of action against NFS; additionally, Roberts fail[ed] to seek any specific relief from NFS." *Roberts v. IRS,* 468 F.Supp.2d 644, 651 (S.D.N.Y.2006). Any attempt to re-plead would have been futile because Roberts' claim against NFS was based solely on the fact that it acted in compliance IRS regulations in reporting Roberts' income. *See* 26 C.F.R. 1.6045–1(p).

We have considered all of Roberts' remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.