07-4074-cv
Halpert v. Manhattan Apartments Inc**.**

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

_____

August Term, 2008

(Argued:  August 4, 2009                                   Decided: September 10, 2009)

Docket No. 07-4074-cv

_____

MICHAEL HALPERT,

*Plaintiff-Appellant*,

-v.-

MANHATTAN APARTMENTS, INC.

*Defendant-Appellee.*

_____

Before:

CALABRESI, PARKER, and RAGGI, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *Judge*) granting Manhattan Apartments, Inc.'s motion for summary judgment as to Halpert's claim under the Age Discrimination in Employment Act.  We hold that an employer may be held liable for discrimination by third parties, including independent contractors, that the employer authorizes to make hiring decisions on its behalf.  Because the question of whether Manhattan Apartments, Inc. actually or apparently authorized a third-party to make hiring decisions for it with respect to Mr. Halpert turns on disputes of material fact, we VACATE and REMAND.

MICHAEL HALPERT, *pro se*, New York, N.Y.

LOUIS R. SATRIALE, JR.(Joseph E. Gehring, Jr., *of counsel*), Gehring, Tatman & Satriale, LLC, New York, N.Y.

---

PER CURIAM:

Plaintiff-Appellant Michael Halpert, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Jones, *J.*), granting summary judgment to Defendant-Appellee Manhattan Apartments, Inc. ("MAI") on Halpert's claim under the Age Discrimination in Employment Act ("ADEA"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

A district court's grant of summary judgment is reviewed *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

**I.**

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Relying on our decision in *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994), the District Court stated that the ADEA "does not apply to independent contractors." ROA doc 31 at 4. The District Court determined on the basis of undisputed facts that Robert Brooks, who interviewed Halpert and allegedly told Halpert that he was "too old" for

-2-

a position showing rental apartments, was an independent contractor and not an employee of MAI. The Court also found that Halpert had failed to present facts creating a material dispute as to whether Brooks had apparent authority to interview Halpert on behalf of MAI. As a result, the District Court concluded that MAI was not an employer under the definition of the ADEA, and that MAI was entitled to a judgment as a matter of law.

*Robinson* does not, in fact, resolve this case. In *Robinson*, the district court concluded that there was no genuine issue of material fact suggesting that Robinson was an employee of the federal agency or the federal individual defendants that he had named in his suit. Accordingly, we affirmed the district court's grant of summary judgment as to Robinson's ADEA claims against those defendants, explaining that "[t]he ADEA prohibits *employers* from discriminating on the basis of age against their *employees*" and therefore does not cover claims brought by independent contractors. *Robinson*, 21 F.3d at 509 (emphasis in original). Here, by contrast, the controversy is not whether MAI was liable for discrimination *against* an independent contractor. Rather, the issue is whether—assuming for the moment that Brooks interviewed Halpert for a position with MAI or that MAI led Halpert to believe that he was applying for a position with them, rather than Brooks—an employer (MAI) can potentially be held liable for discrimination *by* an independent contractor (Brooks) who acts for the employer. The answer to this question is yes.

By its terms, employer liability under the ADEA is direct: an employer may not "fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). That prohibition applies regardless of whether an employer uses its employees to interview applicants for open positions, or whether it uses intermediaries, such as independent contractors,

to fill that role. As the Seventh Circuit has explained in the context of Title VII, when liability for discrimination is direct rather than derivative, "it makes no difference whether the person whose acts are complained of is an employee, an independent contractor, or for that matter a customer." *Dunn v. Wash. County Hosp.*, 429 F.3d 689, 691 (7th Cir. 2005). If a company gives an individual authority to interview job applicants and make hiring decisions on the company's behalf, then the company may be held liable if that individual improperly discriminates against applicants on the basis of age.

A company is not, of course, liable for the hiring decisions made by independent contractors who are hiring on their own behalf. Nor is a company liable simply because a job applicant unreasonably (and incorrectly) believes that he is interviewing for a job with the company and that the independent contractor has the authority to make hiring decisions on behalf of the company. General principles of agency law determine whether the independent contractor or other third party has been given actual authority to hire on behalf of the company, or whether the company, through its own words or conduct, has created apparent authority in that individual in the eyes of the job applicant. *See Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996). Significantly, however, the company's potential liability does not depend on whether the individual hiring for the company as its agent is an employee or an independent contractor under the broadest meaning of those words as they are determined by the common law agency test.[1] An independent contractor can act as an agent, or an apparent agent,

---

[1] We embraced the common law agency test in *Frankel v. Bally, Inc.*, 987 F.2d 86, 90 (2d Cir. 1993) for the purposes of determining whether the party asserting a discrimination claim under the ADEA was an employee or an independent contractor.

of the company for the limited purpose of interviewing and potentially hiring job applicants while still retaining his independence for any number of other purposes.

**II.**

MAI's potential liability in this case thus turns on whether Brooks was acting as the hiring agent, or apparent hiring agent, for MAI when he interviewed Halpert for the position of showing apartments ("Shower") or whether Brooks was simply hiring on his own account. Because we find that this question depends on disputed questions of fact, summary judgment is inappropriate.

The District Court observed that Halpert has not disputed MAI's evidence that Brooks was paid on commission, set his own hours, could work from home, and paid taxes as an independent contractor. ROA doc 31 at 5–7. As explained above, this is not determinative. Halpert's submissions dispute MAI's assertion that it had no control over the manner and means by which Brooks conducted interviews and made hiring decisions related to the Shower position. Evidence adduced by Halpert indicates (a) that MAI sponsored a "training program to show rental apartments," ROA doc 17 ¶ 22, and that those chosen from the program would receive commissions from MAI, and (b) that MAI enlisted sales associates like Brooks to interview candidates for this program. In support of that contention, Halpert has presented evidence (1) that Laura Nielson, the career counselor who arranged the interview for Halpert, believed that Halpert would be interviewing for a position with MAI, not Brooks; (2) that the interview took place at MAI's offices; and (3) that after the interview, Brooks and another MAI associate told Nielson "they were looking for someone younger." That Brooks and another MAI associate

informed Nielson that *they* (not just Brooks) were looking for someone younger tends to support Halpert's allegation that Brooks was interviewing Halpert not for himself but on behalf of MAI. We also note that an agreement between MAI and Brooks, which sets forth in great detail the rights and duties of both parties in connection with Brooks's work as a sales associate, indicates that Brooks is to pay "his own expenses," including "automobile, travel and entertainment expenses," but does not indicate that Brooks is to compensate Showers directly.

MAI has presented affidavits from Brooks and an MAI representative asserting that Halpert, if hired, would have been compensated by Brooks, not MAI. But MAI has not presented evidence corroborating that contention, and we construe Halpert's submissions to dispute it. Nor has MAI established that it was not involved in advertising the Shower position or in establishing the parameters of that role. Accordingly, we conclude, contrary to the District Court, that disputed issues of material fact remain as to whether MAI's degree of control over the interview and hiring process for the Shower position rendered Brooks MAI's agent with respect to that process.

Accordingly, the judgment of the district court is VACATED, and the matter is REMANDED to the district court.[2]

---

[2] During oral argument before this Court, Halpert indicated that he would like appointed counsel. On remand, the district court is encouraged to revisit the question of whether it is appropriate to appoint *pro bono* counsel for Halpert. *See, e.g.*, 28 U.S.C. § 1915(e)(1).