Svatovic v. U.S. Patent & Trademark Office

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand fifteen.

PRESENT: GUIDO CALABRESI,
PETER W. HALL,
*Circuit Judges,*
JED S. RAKOFF,*
*District Judge.*

---

ZARKO SVATOVIC,

*Plaintiff-Appellant*

v.                                                                      13-3600

UNITED STATES PATENT AND TRADEMARK OFFICE, et al.,

*Defendants-Appellees,*

---

**FOR PLAINTIFF-APPELLANT:**  Zarko Svatovic, pro se, New York, NY

**FOR DEFENDANTS-APPELLEES:**  Tomoko Onozawa and Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Zarko Svatovic, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint under Rule 12(b)(6) for failure to state a claim. *See Svatovic v. U.S. Patent & Trademark Office*, No. 12 CIV. 7711 PKC, 2013 WL 4792837, at *3-4 (S.D.N.Y. Sept. 9, 2013). Svatovic sued the United States Patent and Trademark Office ("PTO") and several named PTO employees (collectively, "Defendants") after he applied for a patent and was allegedly told by the assigned PTO examiner—defendant Vishu Mendiratta—that the application would not be considered unless Svatovic hired a lawyer. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Svatovic sued Defendants for damages from the loss of undisclosed commercial opportunities as a result of Defendants' allegedly discriminatory acts. Both the PTO and its employees in their official capacities are immune from such a damages action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (1994). Because of Svatovic's *pro se* status, however, the district court properly treated Svatovic's complaint as asserting a claim, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the employees as individuals.

Reading Svatovic's complaint as favorably to the *pro se* litigant as possible, *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), we construe his claim to sound in due process as well as equal protection. That is, Svatovic, who claims to have been the victim of anti-*pro se*

discrimination, also asserts that he was denied, without due process, the right to act *pro se* in the PTO proceeding and was, in effect, retaliated against when he continued to exercise that right. Although the right to prosecute a patent application on one's own behalf is protected by regulation, *see* 37 C.F.R. § 1.31, and although an assertion of intentional denials of a patent or delays in the PTO review process based on a party's *pro se* status might therefore give rise to a *Bivens* action for a violation of due process in an appropriate case, this case is not such a case.

First of all, the allegation of damages is wholly conclusory. Svatovic filed suit while a successive appeal was still pending before the PTO, and thereafter he was, in fact, granted a patent. What opportunities were lost that cannot now be pursued is a matter of speculation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Second, only a single PTO employee, Mendiratta, was personally involved in the alleged constitutional violation. Mendiratta, however, lacks any contacts with New York, and he has not been served in his individual capacity. In such circumstances, of course, a district court may transfer a suit to another district in which jurisdiction over the defendant can be had, just as a court may—and as the court below *did* in this case—grant an extension of time to perfect service. *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). Transfer is not required, though, and would be inappropriate in the circumstances of this case. *Id.* at 436.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3