23-1086
MC Management of Rochester LLC, et al, v. Joseph R. Biden, et al

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-four.

PRESENT:
        REENA RAGGI
        DENNY CHIN
        MYRNA PÉREZ,
           *Circuit Judges.*

_____

MC MANAGEMENT OF ROCHESTER LLC, PANE
VINO LLC, PHARAOHS GC INC., VENETO
WESTSIDE LLC, MJM FITCH, INC., 759
CANANDAIGUA, INC., GRAND CENTRAL WINE
BAR, LLC, WILLIAM JAMES DEVELOPMENT CORP.,
RAPHAEL'S CORP., WMK MANAGEMENT, INC.,

        *Plaintiffs-Appellants*,

        v.                  No. 23-1086

JOSEPH R. BIDEN, in his official capacity as President of
the United States, MIKE JOHNSON, in his official
capacity as Speaker of the United States House of
Representatives, CHARLES SCHUMER, in his official
capacity as United States Senate Majority Leader,
HAKEEM JEFFRIES, in his official capacity as Minority
Leader of the United States House of Representatives,

1

MITCH MCCONNELL, in his official capacity as United States Senate Minority Leader, ISABEL CASILLAS GUZMAN, in her official capacity as Administrator of the United States Small Business Administration, THE UNITED STATES SMALL BUSINESS ADMINISTRATION,

*Defendants-Appellees.*[*]

---

**FOR PLAINTIFFS-APPELLANTS:**      EDWARD P. YANKELUNAS, Tiveron Law P.L.L.C., Amherst, NY.

**FOR DEFENDANTS-APPELLEES:**      JEFFREY E. SANDBERG (Abby C. Wright, Appellate Staff, United States Department of Justice, Washington, D.C., Brian M. Boynton, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C., Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY, *on the brief*), Appellate Staff, United States Department of Justice, Washington, D.C.

Appeal from a judgment, dated June 28, 2023, of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants challenge the constitutionality of certain aspects of the Restaurant Revitalization Fund (the "RRF"), a $28.6 billion Small Business Administration grant program established as part of the American Recovery Plan Act of 2021 ("ARPA") to assist restaurants and bars struggling during the Covid-19 pandemic. *See* 15 U.S.C. § 9009c(b)(2)(A). Plaintiffs-Appellants are restaurants and bars that submitted timely applications but allege they did not

---

[*] The Clerk is respectfully directed to amend the official caption of this case accordingly. *See* Fed. R. App. P. 43(c)(2).

receive RRF grants because they did not qualify as "priority" applicants pursuant to 15 U.S.C. § 9009c(c)(3)(A) and that the "priority" system was unconstitutional.  Plaintiffs-Appellants filed this lawsuit on August 11, 2022.  After briefing, the district court dismissed the complaint by order dated June 27, 2023 and judgment dated June 28, 2023 (the "June 2023 Order and Judgment").

**DISCUSSION**

We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal, which we recount only as necessary to explain our decision to affirm the June 2023 Order and Judgment.  We do not discuss the claims for declaratory relief because Plaintiffs-Appellants properly conceded at oral argument that they lack standing to pursue any such claims because the RRF has been depleted and the priority period has expired.  *See Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("To obtain prospective relief, such as a declaratory judgment . . . , a plaintiff must show . . . 'a sufficient likelihood that he [or she] will again be wronged in a similar way.'" (emphasis omitted) (alteration in original) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983))).

Plaintiffs-Appellants also sought damages against the Administrator of the Small Business Administration (the "Administrator") in her official capacity for violation of their constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Plaintiffs-Appellants conceded at oral argument that the complaint failed to plead a *Bivens* claim because it only sued the Administrator in her official capacity.  Sovereign immunity extends to "federal officers" sued in their "official capacity," *Tanvir v. Tanzin*, 894 F.3d 449, 461 (2d Cir. 2018), *aff'd*, 592 U.S. 43 (2020), and *Bivens* claims are only authorized against "defendants in their individual capacities," *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007); *see Robinson v. Overseas*

3

*Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (rejecting *Bivens* claim asserted against defendants in official capacity).

The district court correctly denied Plaintiffs-Appellants leave to amend their complaint to assert a *Bivens* claim against the Administrator in her personal capacity because such amendment would be futile. *Bivens* and its progeny require a "two-step inquiry." *Hernández v. Mesa*, 589 U.S. 93, 102 (2020). First, a court must ask whether the claim "arises in a new context or involves a new category of defendants" that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Id.* (internal quotation marks omitted). And second, if the case does fall into a new context, the court must consider "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (brackets and internal quotation marks omitted).

This case presents a "new context." "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Id.* at 103. Further, "superficial similarities are not enough to support the judicial creation of a cause of action." *Egbert v. Boule*, 596 U.S. 482, 495 (2022). Plaintiffs-Appellants allege that this case falls into the same "context" as *Davis v. Passman*, 442 U.S. 228 (1979), which concerned discrimination in violation of the equal protection component of the Due Process Clause. The similarities between this case and *Passman*, however, end with the asserted constitutional right: *Passman* alleged employment discrimination by a single federal official against a subordinate; this case attacks the constitutionality of an entire federal grant program statutorily enacted by Congress.

Further, the "special factors" present in this case are more than sufficient to suggest that an extension of *Bivens* would be inappropriate. "If there is even a single 'reason to pause before

4

applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernández*, 589 U.S. at 102). The reasons "to pause" before applying *Bivens* to this context include, but are not limited to, the fact that (1) the defendant is a cabinet-level official administering a statutorily enacted program; (2) this case challenges the constitutionality of that program; (3) a *Bivens* action "is not a proper vehicle for altering an entity's policy," *Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017); and (4) Congress legislated extensively in the area of pandemic relief through ARPA and other statutes and chose not to provide a damages remedy. Rather, Congress legislated against the backdrop of alternative remedies, which "independently foreclose a *Bivens* action," *Egbert*, 596 U.S. at 497. For example, Plaintiffs-Appellants could have sought equitable relief while the RRF's priority rules were in effect and funds were available but failed to do so. This is therefore not a case in which Plaintiffs-Appellants' options were "damages or nothing." *Ziglar*, 582 U.S. at 144 (holding injunctive relief adequate alternative to *Bivens* remedy).

Thus, the district court correctly concluded that amendment would be futile.

\*　　　\*　　　\*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the June 2023 Order and Judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court