Timothy HAYWOOD, Plaintiff–
Appellant,

v.

R. ALCANTARA and R. Lassi,
Correctional Officers, De-
fendants–Appellees,

Janet Reno, U.S. Atty. General, Carlyle
Holder, Warden, M.D.C., Douglas
White, Lieutenant, R. Sproul, Associ-
ate Warden, C. Cooper, Captain, and
Calvin D. Morton, Warden, Defen-
dants.

Docket No. 02–0004.

United States Court of Appeals,
Second Circuit.

July 9, 2004.

Timothy Haywood, Atlanta, GA, for Ap-
pellant, pro se.

Carolyn Lisa Miller, Assistant United
States Attorney (Roslynn R. Mauskopf,
United States Attorney, Deborah B.
Zwany, Assistant United States Attorney,
on the brief), Eastern District of New
York, Brooklyn, NY, for Appellees.

PRESENT: WALKER, Chief Judge, JACOBS, Circuit Judge, and STANCEU, Judge.*

## SUMMARY ORDER

Plaintiff-appellant Timothy Haywood appeals from the judgments of the United States District Court for the Eastern District of New York (1) partially dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), his 42 U.S.C. § 1983 action against prison officers-defendants for their failure to protect him from the attack of another inmate (as to the defendants sued in their official capacities and as to the supervisory defendants sued in their individual capacities); (2) granting summary judgment in favor of officers-defendants Alcantara and Lassi; and (3) denying Haywood's motion to amend his complaint.

 We review *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6). *See Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 672 (2d Cir.1995). We find that the district court properly determined that sovereign immunity shielded the Government defendants, named in their official capacities, from any action for money damages absent the Government's consent, and that the Government had not consented to be sued for money damages. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994); *Castro v. United States*, 34 F.3d 106, 110 (2d Cir.1994). Additionally, the district court properly dismissed Haywood's complaint as to the supervisory defendants because he failed to allege any of the supervisors' personal involvement in the inmate assault; nor did Haywood's complaint fall into any of the narrowly tailored categories that allow for supervisory liability without the supervisor's participation in the alleged wrongdoing. *See Wright v. Smith*, 21 F.3d 496, 501–02 (2d Cir.1994). Accordingly, the district court's partial dismissal was proper in all respects.

We also review *de novo* the district court's grant of summary judgment. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir.2000). With the district court, we find no triable issues of material fact in the dispute about whether officers-defendants Alcantara and Lassi demonstrated deliberate indifference in disregarding an excessive risk to Haywood's safety by failing to take reasonable measures to abate such risk. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (a prison official cannot be found liable under the Eighth Amendment unless the official knows of a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to prevent the harm, even if the harm was not ultimately averted).

Finally, we review the district court's denial of Haywood's motion to amend his complaint for an abuse of discretion. *See Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir.2002). We find that the district court did not abuse its discretion in determining that it would prove futile for Haywood to amend his complaint to include allegations of supervisor-defendant White's involvement in the failure to protect because White's conduct did not constitute deliberate indifference to Haywood's safety.

We have carefully considered all of Haywood's arguments and find them to be without merit.

* The Honorable Timothy C. Stanceu, Judge of United States Court of International Trade, sitting by designation.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.