**Joan LEGENO, Plaintiff–Appellant,**

v.

**DOUGLAS ELLIMAN, LLC, Defendant–Appellee.**

No. 07–2182–cv.

United States Court of Appeals, Second Circuit.

Feb. 20, 2009.

Joan Legeno, Brooklyn, NY, pro se.

John A. Snyder II, (Matthew A. Steinberg, of counsel), Jackson Lewis, LLP, New York, NY, for Appellee.

Present ROBERT D. SACK and BARRINGTON D. PARKER, Circuit Judges, TIMOTHY C. STANCEU,* Judge.

### SUMMARY ORDER

Plaintiff–Appellant Joan Legeno, *pro se,* appeals from the March 28, 2007 judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge* ) granting summary judgment for Douglas Elliman, LLC ("Douglas Elliman") on her employment discrimination claim under the Age Discrimination and Employment Act, and dismissing her complaint for employment discrimination based on national origin. We assume the parties' familiarity with the facts of and issues on this appeal.

"We review de novo a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). "We may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Hirsch v. Arthur Ander-*

sen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

■ The district court properly dismissed Legeno's national origin claim, brought pursuant to Title VII of the Civil Rights Act of 1964, for failure to exhaust administrative remedies, because she did not allege national origin discrimination in her complaint to the United States Equal Employment Opportunity Commission, and the claim is not reasonably related to the age discrimination claim that she did bring. *See Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 613–14 (2d Cir. 1999).

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law," Fed. R.Civ.P. 56(c), *i.e.,* "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employers from discriminating against their employees because of age, but its coverage does not extend to independent contractors. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 509 (2d Cir.1994). Whether an individual is an employee or an independent contractor is determined under common law agency principles. *See Frankel v. Bally, Inc.,* 987 F.2d 86, 90 (2d Cir.1993). Those principles require a

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

court to consider a non-exhaustive list of various factors:

█ the hiring party's right to control the manner and means by which the product is accomplished ... [;][2] the skill required; [3] the source of the instrumentalities and tools; [4] the location of the work; [5] the duration of the relationship between the parties; [6] whether the hiring party has the right to assign additional projects to the hired party; [7] the extent of the hired party's discretion over when and how long to work; [8] the method of payment; [9] the hired party's role in hiring and paying assistants; [10] whether the work is part of the regular business of the hiring party; [11] whether the hiring party is in business; [12] the provision of employee benefits; and [13] the tax treatment of the hired party.

*Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 751–752, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989) (footnotes omitted); *accord Eisenberg v. Advance Relocation & Storage, Inc.,* 237 F.3d 111, 113–114 (2d Cir.2000). Although no one factor is dispositive, *see Reid,* 490 U.S. at 752, 109 S.Ct. 2166, "the 'greatest emphasis' should be placed on the first factor—that is, on the extent to which the hiring party controls the 'manner and means' by which the worker completes his or her assigned tasks," *Eisenberg,* 237 F.3d at 114 (citation omitted). We review a district court's factual determination as to whether each *Reid* factor is present for clear error, although the ultimate legal determination as to whether an individual is an employee or independent contractor is reviewed *de novo. Id.* at 115.

█ Here, the district court correctly determined that there was no genuine issue of material fact as to whether the position that Legeno sought was that of an employee, and not an independent contractor. Douglas Elliman's engagement letter, which Legeno attached to her complaint and did not challenge with contradictory evidence, states that real estate salespersons are independent contractors and not employees. Although "[a]n employee does not become an independent contractor simply because a contract describes him as such," *In re Shulman Transport Enterps., Inc.,* 744 F.2d 293, 295 (2d Cir.1984), the evidence demonstrates that a real estate salesperson—the position for which Legeno applied-can work from home, sets his or her own hours, is paid on commission, receives no benefits, and pays all taxes. Further, real estate salespersons hired by Douglas Elliman have "substantial discretion over how to complete [their] assigned tasks," *Eisenberg,* 237 F.3d at 118, inasmuch as their time is generally unstructured, they must create their own business opportunities, they must pay for their own expenses, and they are free to engage in other employment. We conclude on these facts that, as a matter of law, the position for which Legeno applied was that of an independent contractor. Because an independent contractor position is not covered by the ADEA, the district court properly granted summary judgment for Douglas Elliman on this claim.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.