*Blatt v. Touchette*, No. 286-5-19 Wncv (Tomasi, J., Sept. 17, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 286-5-19 Wncv |
| Samuel Blatt,<br>     Plaintiff<br><br>v.<br><br>Michael P Touchette,<br>Corey Wykel,<br>     Defendants | |

Plaintiff has brought a number of claims against a number of defendants. It appears, however, that he has effected service only on Defendant Michael Touchette, in his official capacity as Commissioner of the Vermont Department of Corrections. Defendant Touchette has moved to dismiss the action asserting that he is not a proper defendant in this matter under federal or state law. The Plaintiff opposes the motion to dismiss. The Court makes the following determinations.

I.     The Federal Constitutional Claims

Plaintiff has asserted what amount to claims for deprivations of his constitutional rights under the United States Constitution. Such claims must be brought pursuant to 42 U.S.C. § 1983. As Defendant correctly argues, however, a constitutional claim for retrospective money damages against a state official in his official capacity cannot be maintained under Section 1983. The United States Supreme Court has made clear that a state official in his "official capacity" is not "a

person" subject to suit under Section 1983. *Will v. Michigan*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 663-65 (1974); *accord J. Endres v. Ne. Ohio Med. Univ.*, No. 18-3825, 2019 WL 4125263, at \*10 (6th Cir. Aug. 30, 2019) ("state defendants acting in their official capacities are not 'persons' under § 1983 with respect to claims for monetary damages").[1]

The federal claims against Defendant Touchette in his official capacity are dismissed.

II.     The State Tort Claims

Plaintiff also has brought tort claims against Defendant Touchette. Defendant Touchette argues that he may not be sued for torts in his official capacity and that the proper defendant is the State of Vermont. The Court agrees.

Under the Vermont Tort Claims Act (VTCA), the State has waived sovereign immunity and allowed itself to be sued for the torts allegedly committed by its employees. *See* 12 V.S.A. §§ 5601-06. Per the VTCA, however, the proper defendant in such an action is the State itself, not the state employees in their official capacities.

While a suit against a state official is sometimes viewed as a case against the State for constitutional purposes, *see, e.g., Kentucky v. Graham*, 473 U.S. 159, 166 (1985), that is not the case with the VTCA. First, the language of the statute favors that result. Section 5602(b) expressly provides that, for a claim alleging a tort

---

[1] A plaintiff may sue a state official under Section 1983 to obtain forward-looking injunctive relief. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). It does not appear to the Court that Plaintiff has sought such a remedy in this case.

2

committed by a state employee, "the exclusive right of action shall lie against the State of Vermont; and no such action may be maintained against the employee."

Second, persuasive interpretations of the Federal Tort Claims Act (FTCA) support that conclusion. The VTCA is "modeled" after the FTCA, *Andrew v. State*, 165 Vt. 252, 258 (1996), and Vermont often finds instructive decisions interpreting the VTCA's federal counterpart, *Lane v. State*, 174 Vt. 219, 224 (2002). Rulings interpreting the FTCA have made plain that "a plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself." *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016). *Accord Kennedy v. U.S.P.S.*, 143 F.3d 1077, 1078 (9th Cir. 1998); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Woods v. U.S.*, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983); *Molina v. Wise Cty., Texas*, No. 4:17-CV-809-Y, 2019 WL 802060, at *2 (N.D. Tex. Feb. 21, 2019); *Lewis v. U.S.*, No. 18-3423, 2018 WL 3619443, at * 2 (E.D. La. July 30, 2018); Woodard v. United States, No. 1:17-cv-174, 2018 WL 4517624, at * 7 (E.D. Tex. Aug. 31, 2018), *rep. and rec. adopted*, 2018 WL 4517495 (E.D. Tex. Sep. 19, 2018); *Briscoe v. U.S.*, 268 F. Supp. 3d 1, 5 (D.D.C. 2017); *Piechowicz v. U.S.*, 685 F. Supp. 486, 493 (D. Md. 1988); *Francis v. U.S.*, No. 07-6125 JSW, 2008 WL 4447703, at *4 (N.D. Cal. Sept. 30, 2008), aff'd, 376 F. App'x 792 (9th Cir. 2010) -- (all dismissing official capacity claims under FTCA on same ground).

The tort claims against Defendant Touchette in his official capacity are dismissed.

III.    The Remaining Claims

Defendant Touchette asks the Court to address whether claims against him in his individual capacity might also be subject to dismissal under various legal theories.  As he has not yet been served in his individual capacity, the Court believes any such exercise would amount to an improper advisory opinion.

Additionally, Plaintiff has yet to effect service on the remaining individual defendants and, in light of this opinion, may wish to amend his Complaint to seek relief directly against the State.  The Court expresses no views on whether such an amendment would be allowed or whether such a claim would be successful.

IV.    Conclusion

Based on the foregoing, the Motion to Dismiss the claims against Defendant Touchette in his official capacity is granted.

Dated this 13th day of September, 2019, in Montpelier, Vermont.

-----------------------------
Timothy B. Tomasi
Superior Court Judge